UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CARLOS FERNANDO PEREZ ARGUELLO, :
*on behalf of himself and others similarly* :
*situated*, :     **MEMORANDUM AND ORDER**
  :     **ADOPTING IN PART**
           Plaintiff, :     **REPORT AND RECOMMENDATIONS**
  :     **22-cv-6236(DLI)(RML)**
              -against- :
  :
WILSON JAVIER LOJAN, :
  :
           Defendant. :
-----------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On October 14, 2022, Carlos Fernando Perez Arguello ("Plaintiff") initiated this putative collective action on behalf of himself and others similarly situated, against Wilson Javier Lojan ("Defendant"), alleging violations of the Fair Labor Standards Act of 1938, 19 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law, § 650 *et seq.* ("NYLL"). *See*, Compl., Dkt. Entry No. 1. While Plaintiff adequately served the summons and complaint on Defendant on November 9, 2022, Defendant has not appeared in this action. *See*, Summons Ret. Executed, Dkt. Entry No. 8. On December 6, 2022, the Clerk of the Court entered a notation of default against Defendant. *See*, Notation of Default, Dkt. Entry No. 10. On February 27, 2023, Plaintiff moved for default judgment against Defendant. *See*, Pl.'s Mem. of Law in Support of Default J., Dkt. Entry No. 14. On March 1, 2023, the Court referred the motion to the Honorable Robert M. Levy, United States Magistrate Judge of this Court, for a Report and Recommendation ("R&R").

On July 12, 2023, the magistrate judge issued an R&R recommending that Plaintiff's motion for entry of default judgment against Defendant be granted and that he be awarded: (1) $71,779.08 consisting of: (a) $30,889.54 in unpaid minimum and overtime wages, (b) $30,889.54 in liquidated damages, and (c) $10,000 for wage statement and notice violations; (2) pre-judgment

interest on Plaintiff's unpaid wages of $30,889.54 from January 15, 2021 to the date of the Court's judgment at a *per diem* interest rate of $7.62; (3) post-judgment interest at the rate set forth in 28 U.S.C. § 1961(a); and (4) $8,225 in attorney's fees and $467 in costs.  R&R at 19.  To date, neither party has filed any objections to the R&R.

Upon due consideration and review and for the reasons set forth in the R&R, the R&R is adopted except for the amount of attorney's fees, which is modified to $8,606.25 due to an error in calculation.

## STANDARD OF REVIEW

When a party objects to an R&R, a district judge must make a *de novo* determination as to those portions of the R&R to which a party objects.  *See*, Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b)(3); 28 U.S.C. § 636(b)(1); *See also, United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  However, when there is no objection a magistrate judge's R&R, the R&R is reviewed "for 'clear error.'"  *Barrera v. F & A Rest. Corp.*, 2021 WL 2138875, at *1 (E.D.N.Y. May 25, 2021) (citing Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.")).  After its review, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *See also*, Fed. R. Civ. P. 72(b)(3).

## DISCUSSION

Here, as no party has objected to the R&R, it is reviewed for clear error and, having done so, the Court finds no clear error as to the findings of fact and conclusions of law resulting in the award of damages and interest to Plaintiff for Defendant's statutory violations.  However, the

magistrate judge miscalculated the amount of attorney's fees as discussed and recalculated below. The R&R is modified accordingly.

I. **Attorney's Fees – Legal Standard**

Under both the FLSA and the NYLL, a prevailing party is entitled to recover reasonable attorney's fees and costs. *See*, R&R at 16. The party seeking fees must provide accurate, detailed, and contemporaneous attorney time records. *See, Scott v. City of New York*, 643 F.3d 56, 58-59 (2d Cir. 2011) (*per curiam*). The Court concurs with the magistrate judge that Plaintiff is the prevailing party and has provided adequate detailed records regarding incurred attorney's fees and costs. *See*, R&R at 3-14; 16; *See also*, Billing Records, Dkt. Entry Nos. 13-2; Costs, Dkt. Entry No. 13-3.

While judges are permitted to determine the rates for which the prevailing party may be compensated, those rates must correlate to the rates charged in the community and "the nature of representation and type of work involved in a case." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 183, 184, fn 2 (2d Cir. 2008). "Courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff in FLSA cases." *Diaz v. Rene French Cleaners, Inc.*, 2022 WL 4646866, at *11 (E.D.N.Y. Aug. 29, 2022), *report and recommendation adopted*, 2022 WL 4662247 (E.D.N.Y. Sept. 30, 2022).

A. **Paralegal's Fees**

The magistrate judge recommended assigning Plaintiff's paralegal an hourly rate of $75 because she billed at "$402 per hour in one instance, $50 per hour in another, and $65 per hour in yet another" and "'[p]aralegals . . . typically receive an hourly rate of $75 in this district for [FLSA] cases.'" R&R at 17-18 (citations omitted). The magistrate judge further recommended that the

3

paralegal be compensated for 6.75 hours of work. *Id*. at 17. However, a review of Plaintiff's Billing Records shows that the paralegal billed for only 4.75 hours at the rate of $50 per hour.

Plaintiff's Billing Records show a billing entry of $402 associated with the paralegal, which was for the "Filing Fee." Billing Records at 1. This filing fee amount is correct and the magistrate judge properly recommended awarding it separately as a cost. R&R at 19. The Court finds that the $402 noted in the Billing Records simply signifies that the paralegal paid the filing fee, even though, in the "Type" of work column, there is a dollar sign next to this entry instead of a clock as in other entries. The "Qty" or quantity column that signifies the number of hours worked does not list an "h" next to that entry unlike other entries. Thus, the magistrate judge erred in factoring the filing fee in calculating the paralegal's hourly rate. Similarly, the magistrate judge erred by factoring into the paralegal's hourly rate the singular entry of $65, representing the cost of Preferred Process' Invoice No. 1519916, which the magistrate judge also properly recommended awarding separately as a cost. *Id.*

The remaining entries for the paralegal show that her billing rate was $50 per hour. *See*, Billing Records. Accordingly, the magistrate judge erred in finding the rate of $70 per hour was reasonable for the paralegal's work because Plaintiff would be awarded more than what actually was billed. Accordingly, the R&R is modified to set the paralegal's hourly billing rate at $50.

Plaintiff seeks compensation for a total 30.5 hours, which includes the work performed by both the paralegal and counsel, who billed a total of 25.75 hours.[1] *Id*. By subtracting 25.75 hours from the 30.5 hours' worth of compensation that Plaintiff seeks, the total remaining hours is 4.75, which represents the entries with both clocks and an "h" next to them for the paralegal *Id*. Consequently, the magistrate judge erred in assigning 6.75 hours of work to the paralegal, instead

---

[1] The Court calculated counsel's and the paralegal's hours and found that the 30.5 hours noted in the Billing Records do not include any time spent in paying either the filing fee or Preferred Process' Invoice.

of 4.75 hours, by adding one hour for the filing fee and one hour for Preferred Process' invoice. Accordingly, the R&R is modified to award Plaintiff $237.5 for the paralegal's work, which represents a rate of $50 per hour multiplied by 4.75 hours.

  **B. Attorney's Fees**

  The Court concurs with the magistrate judge that $325 per hour is a reasonable rate for counsel's work. R&R at 18. As noted above, counsel worked 25.75 hours, which, coupled with the paralegal's 4.75 hours, is reasonable. *See*, *Du v. CGS Metal Fabrication Inc.*, 2022 WL 987316, at *13 (E.D.N.Y. Jan. 14, 2022) (finding that 31.1 hours is reasonable in an FLSA default case with a single plaintiff). While the magistrate judge recommended that Plaintiff be awarded a total of $8,225 in attorney's fees, Plaintiff actually is entitled to $8,368.75 for counsel's work alone, which is the rate of $325 per hour multiplied by 25.75 hours. Accordingly, the R&R is modified to award Plaintiff $8,606.25 in attorney's fees, which includes $8,368.75 for counsel's work and $237.50 for the paralegal's work.

[REST OF PAGE INTENTIONALLY LEFT BLANK]

**CONCLUSION**

Upon due consideration and review, and for the reasons set forth above, the R&R is adopted in part and modified only with respect to the amount of attorney's fees awarded. Accordingly, Plaintiff's motion for entry of default judgment against Defendant is granted and Plaintiff is awarded: (1) $71,779.08 consisting of: (a) $30,889.54 in unpaid minimum and overtime wages, (b) $30,889.54 in liquidated damages, and (c) $10,000 for wage statement and notice violations; (2) pre-judgment interest on Plaintiff's unpaid wages of $30,889.54 from January 15, 2021 to the date of the Court's judgment at a *per diem* interest rate of $7.62; (3) post-judgment interest at the rate set forth in 28 U.S.C. § 1961(a); and (4) $8,606.25 in attorney's fees and $467 in costs.

SO ORDERED.

Dated: Brooklyn, New York
       September 22, 2023

                                                                  /s/
                                          DORA L. IRIZARRY
                                      United States District Judge